**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| HYUNG-CHIL KANG,<br>Plaintiff,<br><br>v.<br><br>AC3 INC., *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 3:23-CV-320-CCB-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Verified Motion to Enforce Settlement [DE 51], filed December 3, 2025, and discussed at a hearing on July 15, 2026. Plaintiff requests that the Court order Defendant AC3 to comply with the settlement agreement and pay Plaintiff. Defendant AC3 filed a response on December 17, 2025, and on December 23, 2025, Plaintiff filed a reply. On July 23, 2026, Plaintiff filed supplemental briefing as ordered by the Court.

On June 1, 2026, District Court Judge Crystal C. Brisco entered an Order [DE 56] referring the instant motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of Indiana Local Rule 72-1(b). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

## I. Analysis

On April 23, 2023, Plaintiff filed this action for breach of contract arising. He represents that on October 8, 2025, he and AC3 entered into an agreement to settle the case and executed a settlement agreement, which included the requirement that AC3 issue the settlement payment to Plaintiff by November 15, 2025. Plaintiff asserts that he has not received any payment and requests

that the Court enforce the terms of that settlement agreement. AC3 represents that it does not have the funds needed to pay Plaintiff, and needs Plaintiff, who is still a shareholder in AC3, to sign a shareholder consent approving a financing plan in order for them to be able to obtain the money.

State law governs "[i]ssues regarding the formation, construction, and enforceability" of contracts, including agreements to settle federal lawsuits. *Pohl v. United Airlines, Inc.,* 213 F.3d 336, 338 (7th Cir. 2000); *see also Lewis v. Sch. Dist. #70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011) ("Whether a settlement agreement is binding is an issue governed by the law of the state in which the parties executed the agreement."). Normal contract law principles govern settlement agreements in Indiana, which "strongly favors settlement agreements." *MH Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 757 (Ind. Ct. App. 2010). In Indiana, the "meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract." *Janky v. Batistatos*, 559 F. Supp. 2d 923, 929 (N.D. Ind. Apr. 4, 2008) (quotation omitted); *see also Zimmerman v. McColley*, 826 N.E. 2d 71, 77 (Ind. Ct. App. 2005)) ("The intention of the parties to a [settlement] contract is a factual matter to be determined from all the circumstances."). In determining whether there has been a meeting of the minds, "[t]he intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it. A court does not examine the hidden intentions secreted in the heart of a person; rather it should examine the final expression found in conduct." *Zimmerman*, 826 N.E.2d at 77 (citing *Centennial Mortg., Inc. v. Blumenfeld*, 745 N.E.2d 268, 277 (Ind. Ct. App. 2001), *Ochoa v. Ford*, 641 N.E.2d 1042, 1044 (Ind. Ct. App. 1994)).

In this case, there was a contract between the parties in the form of the Member Settlement Agreement. AC3 does not dispute the existence of the agreement but argues that it needs to obtain financing in order to pay Plaintiff and the other physicians who are owed similar settlement

amounts in related cases. It asserts that Plaintiff, who is still a shareholder, refuses to sign a shareholder consent to a financing plan. AC3 admitted at the hearing that Plaintiff is not the only shareholder who has not signed the shareholder consent approving the financing plan, and even if Plaintiff were to sign there is no guarantee that the money would be available, in part because AC3 has been unable to get other shareholders to agree to all of the terms. AC3 agrees that the Court cannot order Plaintiff's cooperation, but requests it, pointing out that he has fiduciary duties to the company as a shareholder. But those duties are not the subject of the instant dispute.

Paragraph 14 of the agreement requires the parties to "take any and all actions and execute any and all documents necessary to secure a prejudicial dismissal of the Lawsuit and to otherwise effectuate the terms and conditions of this Agreement." ¶ 14 [DE 51-1]. The agreement does not include a financing contingency or other terms requiring Plaintiff to arrange or approve funding. As Plaintiff argues, the language in paragraph 14 refers to the execution of documents to dismiss the case, not to take on financing responsibilities. *C.f. Norwood Promotional Products, LLC v. KustomKoozies, LLC*, 835 F. Supp. 2d 685, 696 (S.D. Ind. 2011) (explaining that "the 'Further Acts' clause is written in a manner which infers no application outside of the settlement agreement"). The Court declines to stretch the meaning of the terms of the contract require Plaintiff to sign a separate financing plan that it is not mentioned in the agreement, particularly where his signature may not be necessary and is certainly not sufficient to obtain financing..

It is undisputed that the parties entered into an agreement that AC3 would make payment to Plaintiff by November 15, 2025. It has not done so. Plaintiff's execution of a shareholder consent for a separate third-party financing transaction is not required by the settlement agreement.

## II. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Judge Brisco **GRANT** Plaintiff's Verified Motion to Enforce Settlement [DE 51] and **ORDER** Defendant AC3, Inc., to make its overdue payment to Plaintiff Hyung-Chil Kang, M.D., within a reasonable time.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 28th day of July, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record